IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| EDWARD L. SKINNER, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civ. No. 17-589-LPS |
| | : | |
| JAMES T. VAUGHN CORRECTIONAL CENTER, et al., | : | |
| | : | |
| Defendants. | : | |

Edward L. Skinner, Wilmington, Delaware, Pro Se Plaintiff.

## MEMORANDUM OPINION

August 15, 2017
Wilmington, Delaware

STARK, U.S. District Judge:

## I. INTRODUCTION

Plaintiff Edward L. Skinner ("Plaintiff") filed this action on May 22, 2017, pursuant to 42 U.S.C. § 1983.[1] (D.I. 2) He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 4) The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2).

## II. BACKGROUND

Plaintiff, who is no longer incarcerated, was an inmate at the James T. Vaughn Correctional Center in Smyrna, Delaware, when, on April 5, 2015, he passed out, hit his head, and lost consciousness. When he regained consciousness he was unable to move. Plaintiff was taken to the infirmary. He alleges that he was there for two weeks without proper medical care and was never taken to an emergency room or to an outside medical facility. He was later diagnosed as having had a stroke. Three weeks later he was transferred to general population, even though he was paralyzed on the left side and in a wheelchair. He relied upon other inmates to assist him with activities of daily living. On an unknown date, he was transferred back to the infirmary. He seeks compensatory damages and injunctive relief.

## III. LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the

---

[1]When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

1

light most favorable to a pro se plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, her pleading is liberally construed and her Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *see also Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when deciding Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the Court must grant a plaintiff leave to amend her complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). While "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a

cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *See Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## IV. DISCUSSION

Plaintiff's claims are time-barred. For purposes of the statute of limitations, § 1983 claims are characterized as personal injury actions. *See Wilson v. Garcia*, 471 U.S. 261, 275 (1985). In Delaware, § 1983 claims are subject to a two-year limitations period. *See* 10 Del. C. § 8119; *Johnson v. Cullen*, 925 F. Supp. 244, 248 (D. Del. 1996). Section 1983 claims accrue "when the plaintiff knew

3

or should have known of the injury upon which [his] action is based." *Sameric Corp. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998).

Statute of limitations is an affirmative defense that generally must be raised by the defendant, and it is waived if not properly raised. *See Benak ex rel. Alliance Premier Growth Fund v. Alliance Capital Mgmt. L.P.*, 435 F.3d 396, 400 n.14 (3d Cir. 2006); *Fassett v. Delta Kappa Epsilon*, 807 F.2d 1150, 1167 (3d Cir. 1986). Still, "where the statute of limitations defense is obvious from the face of the complaint and no development of the factual record is required to determine whether dismissal is appropriate, *sua sponte* dismissal under 28 U.S.C. § 1915 is permissible." *Davis v. Gauby*, 408 F. App'x 524, 526 (3d Cir. Nov. 30, 2010) (quoting *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006)).

Plaintiff complains of an April 5, 2015 occurrence, followed by two weeks of lack of proper medical care (to approximately April 29, 2015), followed by his return to general population three weeks later (to approximately May 10, 2015). He filed his Complaint on May 22, 2017. Plaintiff is not presently incarcerated and has not been since August 3, 2016. (*See* D.I. 1 at 2) Therefore, the exceptions to timing requirements as set forth in the "prison mailbox rule" are inapplicable. *See Kareem v. F.D.I.C*, 482 F. App'x 594, 595 (D.C. Cir. Sept. 28, 2012) (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993) and *Houston v. Lack*, 487 U.S. 266 (1988)). *See also* Fed. R. Civ. P. 5(d)(2) (a paper is filed by "delivering it" to the Clerk). Hence, it is evident from the face of the Complaint that Plaintiff's claims, all of which accrued prior to May 22. 2017, are barred by the two-year limitations period.[2]

---

[2]In the Complaint, Plaintiff states that he "was granted a 90 day extension on March 23, 2017 filed by Grady & Hampton, Attorneys at Law, due to the statutes of limitation (2 years), which would end June 2017," noting that the incident occurred on April 5, 2015. Nothing on the face of the Complaint and no other filings indicate that the limitation period has been tolled.

Because Plaintiff's allegations are time-barred, the Court will dismiss the Complaint as legally as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

## V. CONCLUSION

For the above reasons, the Court will dismiss the Complaint as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). The Court finds amendment futile.

An appropriate Order follows.