IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

EDWARD L. SKINNER, :
:
Plaintiff, :
:
v. : Civil Action No. 17-589-LPS
:
JAMES T. VAUGHN CORRECTIONAL :
CENTER, et al., :
:
Defendants. :

## MEMORANDUM

1. **Introduction.** Plaintiff Edward L. Skinner ("Plaintiff"), a former inmate at the James T. Vaughn Correctional Institution in Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983. He appears *pro se* and has been granted leave to proceed *in forma pauperis*. On August 16, 2017, the Court screened the Complaint pursuant to 28 U.S.C. § 1915(e)(2) and dismissed the complaint as time-barred. (D.I. 5, 6) Plaintiff moves for reconsideration. (D.I. 7)

2. **Motion for Reconsideration.** The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). A proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010).

3. Plaintiff submits medical records in support of his motion. The Court has reviewed the records. They have no bearing on whether Plaintiff's claim is time-barred. Plaintiff's motion fails because he has not set forth any intervening changes in the controlling law, new evidence, or clear errors of law or fact made by the Court in its order dismissing the complaint as time-barred. *See Max's Seafood Café*, 176 F.3d at 677. The motion for reconsideration will be denied. (D.I. 7)

4. **Conclusion**. The Court will deny the motion for reconsideration. (D.I. 7) An appropriate order will be entered.

September 24, 2018
Wilmington, Delaware

HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT JUDGE